UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ALFREDA CHANDLER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 1:17-cv-00681-JMS-MPB ) |
| ZACHARY J. EICHEL, EINTERZ AND EINTERZ, | ) ) ) ) |
| Defendants. | ) |

# ORDER

Plaintiff Alfreda Chandler alleges that Defendant Zachary Eichel and his law firm, Defendant Einterz & Einterz (collectively, "Einterz"), sent Ms. Chandler two misleading letters in an attempt to collect a debt, in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et. seq*. Mr. Eichel now moves the Court to dismiss Ms. Chandler's Complaint for failure to state a claim. [Filing No. 8.] For the following reasons, the Court **DENIES** Einterz's Motion.

## I.
### LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim that does not state a right to relief. The Federal Rules of Civil Procedure require that a complaint provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. *See Active Disposal Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). A Rule 12(b)(6) motion to dismiss asks

whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The Court may not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011). Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## II.
### BACKGROUND

The following facts are drawn from Ms. Chandler's Complaint, [Filing No. 1], and attached exhibits, [Filing No. 1-1; Filing No. 1-2], which are treated as true for the purpose of resolving Einterz's Motion. *E.g.*, *Geinosky v. City of Chi.*, 675 F.3d 743, 745 n.1 (7th Cir. 2012) (noting that courts must consider "documents attached to the complaint" under Rule 12(b)(6)).

In November 2015, Ms. Chandler incurred a debt with Bone Dry Roofing ("Bone Dry"). [Filing No. 1-1.] Some time later, Ms. Chandler defaulted on the debt, and Bone Dry placed the debt with Indiana law firm Einterz & Einterz for collection. [Filing No. 1 at 2; Filing No. 1-1.]

Mr. Eichel sent a letter dated March 29, 2016, to Ms. Chandler in an attempt to collect on the debt ("March Letter"). The March Letter is printed on Einterz & Einterz stationary and provides, in relevant part, as follows:

> Dear Ms. Chandler:
>
> I represent Bone Dry Roofing in the above-referenced matter. Bone Dry's records indicate that, as of March 29, 2016, an outstanding balance in the amount of $16,533.00 remains due and owing to my client . . . .

2

> Unfortunately, since my client's earlier reminders and requests for payment have apparently gone unheeded, legal action must now be pursued. Accordingly, unless payment is received within thirty (30) days, or on or before April 28, 2016, litigation will be initiated to collect all outstanding sums due and owing to Bone Dry Roofing. If such litigation is required, any and all court costs and other expenses incurred by my client in this matter, including reimbursement for attorney's fees as permitted by law, will be sought. This will result in a minimum increase of this claim of $1,000.00 and likely considerably more.
>
> Hopefully, the need to resort to such extraordinary measures will be unnecessary. However, this can only be avoided by tendering full payment as identified above. Please contact me to make arrangements for payment of all sums due and owing Bone Dry Roofing in this matter. This is an effort at collecting an outstanding debt. If you dispute this debt, you must contact this office within thirty (30) days. If you request confirmation of your account, it will be furnished to you. All notices and actions will be conducted consistent with the Fair Debt Collection Act.

[Filing No. 1-1 at 1.] The letter was signed by Mr. Eichel. [Filing No. 1-1 at 1.]

Mr. Eichel later sent Ms. Chandler a second letter, dated September 30, 2016 ("September Letter"), which was also printed on Einterz & Einterz stationary. [Filing No. 1-2 at 1.] The September Letter bore a case caption from the Marion County Superior Court in the subject line at the top, [Filing No. 1 at 3], and provided as follows:

> Re: Bone Dry Roofing, Inc. v. Alfreda Chandler
> Cause No. 49D02-1605-PL-017967
>
> Dear Ms. Chandler:
>
> Enclosed please find copies of the Verified Motion for Proceedings Supplemental and Praecipe for Sheriff's Sale that have been filed with the Court in the above referenced cause of action.
>
> If you have any questions regarding this matter, please contact me.

[Filing No. 1-2 at 1.] The September Letter, like the March Letter, was signed by Mr. Eichel. [Filing No. 1-2 at 1.]

The Motion for Proceedings Supplemental referenced in the September Letter was filed in Marion County Superior Court on October 4, 2016. [Filing No. 1 at 3]; *see Case Summary, Bone*

*Dry Roofing, Inc. v. Alfreda Chandler*, mycase.IN.gov (insert "49D02-1605-PL-017967" into "Case Number" search field and press "Search"); *see also Papasan v. Allain*, 478 U.S. 265, 268 n.1 (1986) ("[W]e are not precluded in our review of the complaint from taking judicial notice of items in the public record . . . ."). The Praecipe for Sheriff's Sale, however, was never filed with the Court.[1] [Filing No. 1 at 3]; *see Case Summary, Bone Dry Roofing*. Additionally, at the time Mr. Eichel sent the September Letter, Einterz could not pursue a sheriff's sale because, at the time, Defendants had not foreclosed on any lien interest that Bone Dry may have had in Ms. Chandler's property. [Filing No. 19 at 6-7.][2]

On March 7, 2017, Ms. Chandler filed suit in this Court against Mr. Eichel and Einterz & Einterz, alleging that the March and September Letters omitted required disclosures and were otherwise false and misleading, in violation of the FDCPA. [Filing No. 1.] On May 8, 2017, Einterz filed its Motion to Dismiss, [Filing No. 8], and supporting brief, [Filing No. 9].[3] Ms. Chandler responded on June 30, 2017, [Filing No. 19], and the time for Einterz to reply has expired, *see* S.D. Ind. L.R. 7-1(c)(2)(B). Einterz's Motion is therefore ripe for consideration.

---

[1] Einterz appears to suggest that the Praecipe for Sheriff's Sale was filed along with the Motion for Proceedings Supplemental, perhaps as part of the same filing. [Filing No. 9 at 3.] The public docket referenced above does not show the praecipe having been filed at all. Drawing all reasonable inferences in favor of Ms. Chandler, the Court assumes at this stage that the praecipe was never filed.

[2] This fact comes not from Ms. Chandler's Complaint, but from her response brief. "A party opposing [a Rule 12(b)(6)] motion is free to elaborate upon the facts in a brief," as long as the additional facts are consistent with those in the Complaint. *Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 640 n.1 (7th Cir. 2015). This additional fact is therefore properly considered by the Court.

[3] Several of Einterz's filings in this case, including its Motion to Dismiss, [Filing No. 8], and supporting brief, [Filing No. 19], fail to comply with Local Rule 5-1(c), which requires electronic filings to be "converted to a .pdf file directly from a word processing program." S.D. Ind. L.R. 5-1(c). Instead, it appears that these filings were improperly scanned from paper copies. The Court reminds Einterz to carefully reread and comply with the local rules going forward, as the Court may "exclude [any nonconforming] document[s] from the official record." *Id.* 5-1(e).

# III.
# DISCUSSION

Einterz argues that neither the March Letter nor the September Letter violates the FDCPA, explaining that the communications were in "substantial compliance with the debt protection purposes of the statute." [Filing No. 9 at 1.] In response, Ms. Chandler argues that the Letters failed to provide several required disclosures and were otherwise false, misleading, or deceptive.

In evaluating whether a debt collector's communications comply with the FDCPA, the Court must apply an "unsophisticated consumer" standard. *Heng v. Heavner, Beyers & Mihlar, LLC*, 849 F.3d 348, 352 (7th Cir. 2017). This standard is consistent with the FDCPA's goal of protecting the "consumer who is uninformed, naive, or trusting." *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994); *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1019 (7th Cir. 2014). "[W]hile the unsophisticated consumer may tend to read collection letters literally," the consumer "does not interpret them in a bizarre or idiosyncratic fashion." *Gruber v. Creditors' Prot. Serv., Inc.*, 742 F.3d 271, 274 (7th Cir. 2014) (internal quotations omitted). Dismissal is appropriate only "when it is apparent from a reading of the letter that not even a significant fraction of the population would be misled by it." *Zemeckis v. Global Credit & Collection Corp.*, 679 F.3d 632, 636 (7th Cir. 2012). With these background principles in mind, the Court turns to Ms. Chandler's specific allegations under 15 U.S.C. § 1692g(a) and 15 U.S.C. § 1692e.

### A. Section 1692g(a)

Einterz first argues that the Court should dismiss Ms. Chandler's claims that the March Letter lacks several disclosures required under § 1692g(a). Einterz argues that the Letter provided substantially all of the required information. [Filing No. 9 at 3-4.] In response, Ms. Chandler

points to several requirements that she argues were not met by the March Letter's disclosures.

[Filing No. 19 at 4-5.]

As the Seventh Circuit has explained:

Section 1692g(a) requires debt collectors to disclose specific information . . . in certain written notices they send to consumers. If a letter fails to disclose the required information clearly, it violates the Act, without further proof of confusion. Section 1692g(a) also does not have an additional materiality requirement, express or implied. Congress instructed debt collectors to disclose this information to consumers, period . . . .

*Janetos v. Fulton Friedman & Gulace, LLP*, 825 F.3d 317, 319 (7th Cir. 2016). In relevant part, § 1692g(a) provides that an initial communication (or a subsequent communication sent within five days of the initial communication) from a debt collector must include

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C.A. § 1692g(a)(3)-(5).

Einterz baldly asserts that the language used in the March Letter sufficiently advises Ms. Chandler of her rights under § 1692g(a). [Filing No. 9 at 3-4.] It appears that Einterz is referring to the following passages of the March Letter:

- "Accordingly, unless payment is received within thirty (30) days, or on or before April 28, 2016, litigation will be initiated to collect all outstanding sums due and owing to Bone Dry Roofing."

- "If you dispute this debt, you must contact this office within thirty (30) days. If you request confirmation of your account, it will be furnished to you."

[Filing No. 1-1.]

While Einterz is correct that the notices in § 1692g(a) need not repeat the statutory language verbatim, it is incorrect in asserting that the March Letter sufficiently provides the required notices. Among the deficiencies: while the March Letter explains that a debtor disputing the debt "must contact this office within thirty days," it wholly omits the portion of subsection (a)(3) which explains what happens when a debtor fails to dispute the debt—specifically, that "the debt will be assumed to be valid by the debt collector." The March Letter also fails to explain that disputes must be made "in writing" in violation of subsection (a)(4). *See McCabe v. Crawford & Co.*, 272 F. Supp. 2d 736, 743-44 (N.D. Ill. 2003) ("[B]y omitting the words 'in writing,' [the debt collector] failed to effectively convey to the consumer h[er] rights under the FDCPA and thus violated the Act."). Ms. Chandler has therefore plausibly pleaded violations of § 1692g(a)(3) and (a)(4).

Finally, to the extent the March Letter provides a validation notice under subsection (a)(4), such notice appears to be overshadowed by the Letter's requirement that payment be "received within thirty (30) days," without which "litigation will be initiated to collect all outstanding sums due." This payment requirement contradicts the thirty-day period provided for Ms. Chandler to dispute the debt because it requires Ms. Chandler "to mail the payment prior to the thirtieth day to comply," while § 1692g requires only that Ms. Chandler "send" a notice of dispute within thirty days. *Chauncey v. JDR Recovery Corp.*, 118 F.3d 516, 519 (7th Cir. 1997) (affirming grant of summary judgment to plaintiff where "the thirty-day payment requirement set out in the . . . collection letter contradict[ed] the mandatory validation notice disclosures allowing thirty days to

7

dispute the debt"). Ms. Chandler plausibly alleges that this contradiction renders the validation notice ineffective. *See id.*

The Seventh Circuit has made clear that "compliance [with § 1692g(a)] demands more than simply including [the required] information in some unintelligible form." *Janetos*, 825 F.3d at 321. Here, Ms. Chandler has plausibly alleged not only that Einterz provided § 1692g(a) disclosures that were unclear, but that it failed to provide parts of several mandated disclosures altogether. Ms. Chandler's allegations under § 1692g(a) thus state a claim upon which relief may be granted.

**B. Section 1692e**

Einterz next argues that the Court should dismiss Ms. Chandler's claims that the March and September Letters violate § 1692e. Specifically, Ms. Chandler alleges that the March Letter contains an incomplete "Mini Miranda" notice under subsection (11). Ms. Chandler also alleges that the September Letter failed to advise Ms. Chandler that it was sent by a debt collector as required by subsection (11). Finally, Ms. Chandler alleges that the September Letter violates subsection (5), because the Letter's statement about the Praecipe of Sheriff's Sale was a threat to take action that Einterz could not or did not intend to take.

Again Einterz's principal argument is that the Letters substantially complied with the requirements of the FDCPA. [Filing No. 9 at 2.] Einterz also states that subsection (11) does not apply to a court filing. [Filing No. 9 at 2.] Finally, Einterz argues that because he mailed the Motion for Proceedings Supplemental and Praecipe for Sheriff's Sale on the date of the September Letter, the Letter does not violate § 1692e. [Filing No. 9 at 2-2.]

In response, Ms. Chandler argues that the Letters failed to provide the notices mandated by § 1692e. [Filing No. 19 at 4-6.] Ms. Chandler also argues that the Praecipe for Sheriff's Sale was

8

never filed and that the September Letter therefore was misleading, particularly because a sheriff's sale was procedurally unavailable at the time the letter was sent. [Filing No. 19 at 6-7.]

Section 1692e begins with a general prohibition against "using any false, deceptive or misleading representation in connection with the collection of any debt." *Marquez v. Weinstein, Pinson & Riley, P.S.*, 836 F.3d 808, 811 (7th Cir. 2016). In addition to this general rule, § 1692e "itemizes sixteen communications that constitute violations of that provision." *Id.* Violations of § 1692e are generally not actionable unless they are material—that is, if a misstatement "would not mislead the unsophisticated consumer" in intelligently responding to an effort to collect a debt, the misstatement does not violate FDCPA. *Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 758 (7th Cir. 2009) (internal quotation omitted); *Janetos*, 825 F.3d at 324 ("For such claims, we must assess allegedly false or misleading statements to determine whether they could have any practical impact on a consumer's rights or decision-making process . . . .").

Subsection (11) provides that a debt collector must include certain disclosures (colloquially referred to as a "Mini Miranda" notice) in collection communications:

> The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

15 U.S.C.A. § 1692e(11).

The March Letter, an initial communication, explains that it is "an effort at collecting an outstanding debt." [Filing No. 1-1.] This likely suffices to explain that "the debt collector is attempting to collect a debt," which is the first half of the disclosure required of an initial communication under subsection (11). The March Letter omits, however, the second half of the

9

required disclosure—"that any information obtained will be used for" the purpose of collecting the debt—and therefore fails to comply with subsection (11).

The September Letter is a subsequent communication, and must therefore "disclose that the communication is from a debt collector." While Einterz is correct that this requirement does not apply to formal pleadings, Einterz does not explain how the Letter itself is a formal pleading. Rather, it appears to be a communication informing Ms. Chandler of a formal pleading. The September Letter makes no disclosure that it is a communication from a debt collector, and therefore also fails to comply with subsection (11).

Finally, Ms. Chandler has plausibly pleaded that the September Letter violates the general prohibition on false representations and the specific rule in subsection (5), which prohibits "threat[s] to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). While Einterz contends that the Praecipe was filed on the same day as the Motion for Proceedings Supplemental, the Court is required to draw all reasonable inferences in Ms. Chandler's favor in resolving Einterz's Motion to Dismiss. Ms. Chandler has plausibly alleged that the Praecipe for Sheriff's Sale was never filed and that the September Letter falsely represented that it had been filed. Additionally, Einterz did not respond to Ms. Chandler's contention that a Praecipe for Sheriff's Sale would not have even been proper because Bone Dry had not foreclosed upon its lien interest in Ms. Chandler's home. Therefore, Ms. Chandler has also plausibly alleged that the September Letter threatened actions that could not legally be taken or were not intended to be taken, in violation of § 1692e(5).

Even where a plaintiff alleges facial violations of § 1692e, a defendant may still prevail on a motion to dismiss if it could show that the violations were immaterial. But the Seventh Circuit "treat[s] the question of whether an unsophisticated consumer would find certain debt collection

language misleading as a question of fact," and Einterz fails to develop any argument that the "allegedly offensive language is plainly and clearly not misleading." *Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012). Even if Einterz had developed such an argument, it would have missed the mark. As one example, raised by Ms. Chandler in her response brief, the threat of a sheriff's sale made her believe that she would lose her house, despite the fact that Einterz had not filed the Praecipe for Sheriff's Sale nor had the legal right to do so. This is consistent with how an unsophisticated consumer may view the September Letter under these circumstances. *See id.* at 836 ("[T]he unsophisticated consumer test is an objective one."). Protecting consumers from such confusion is the "key consideration" in evaluating debt collection letters under the FDCPA. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). Ms. Chandler's Complaint therefore states a claim under § 1692e.

### IV.
#### CONCLUSION

Ms. Chandler's Complaint plausibly pleads multiple violations of the FDCPA, though each alleged violation is sufficient on its own for Ms. Chandler's Complaint to survive a motion to dismiss. *See, e.g.*, *Pittman v. Jefferson Capital Sys., LLC*, 2017 WL 1041577, at *4 (S.D. Ind. 2017) ("[O]ne successful argument is sufficient to demonstrate that [the] Complaint states a claim upon which relief may be granted . . . ."); *Conner v. Howe*, 344 F. Supp. 2d 1164, 1170 (S.D. Ind. 2004) (noting that FDCPA recovery limitations are not tied to "how many provisions of the FDCPA a debt collector violated"). Accordingly, the Court **DENIES** Einterz's Motion to Dismiss. [Filing No. 8.]

Date: 9/25/2017

*[signature]*

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record.**